IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **REFLECTIVE APPAREL FACTORY, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **CAROLINA SAFETY ACQUISITION, LLC,** <br><br> Defendant. | **CASE NO. _____** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Reflective Apparel Factory, Inc. ("RAF"), by its undersigned counsel, hereby alleges for its Complaint against Defendant Carolina Safety Acquisition, LLC ("Carolina") as follows:

**SUBJECT-MATTER JURISDICTION**

1. This is a declaratory-judgment action in which RAF seeks a determination that it does not infringe U.S. Patent No. 7,735,151 ("the 151 Patent") under 35 U.S.C. § 271.

2. Upon information and belief, Carolina is the assignee of the 151 Patent.

3. As described below, on or about April 25, 2014, Carolina sent RAF a letter alleging that at least three of RAF's products infringe the 151 Patent, demanding that RAF cease and desist from selling, distributing, or manufacturing these products, and threatening litigation. As a result, a judiciable controversy exists between the parties.

4. This Court has subject-matter jurisdiction over the matters complained of herein under 28 U.S.C. §§1331 and 1338 as well as 28 U.S.C. §§2201(a) and 2202.

## PARTIES, *IN PERSONAM* JURISDICTION, AND VENUE

5. RAF is a Georgia corporation with a principal place of business at 1649 Sands Place SE, Suite J, Marietta, Georgia 30067.

6. Since 1989, RAF has supplied high-visibility garments to various industries in order to enhance the safety of their employees.

7. RAF's offices, warehouse, and production facilities are located in Marietta, Georgia, which is in this judicial district.

8. Upon information and belief, Carolina is a Delaware limited-liability corporation with a principal place of business at 124 Sunrise Center Drive,

Thomasville, North Carolina 27360-4900.  Carolina also maintains a principal mailing address at 5305 Distriplex Farms Drive, Memphis, Tennessee 38141-8231.

9. Upon information and belief, Carolina is subject to personal jurisdiction in Georgia because it transacts or attempts to transact business in Georgia.

10. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and/or (c) and 1400(b) because a substantial portion of the events or omissions giving rise to RAF's claims occurred in this district.

## FACTUAL BACKGROUND

11. The 151 Patent is entitled "Breakaway Vest" and issued on June 15, 2010.  A true and correct copy of the 151 Patent is attached hereto as Exhibit A.

12. Since its acquisition of the 151 Patent, Carolina has engaged in a pattern of conduct of sending cease and desist letters to various businesses.

13. For example, Carolina sent a cease and desist letter to M. L. Kishigo Manufacturing Company ("Kishigo") on or about February 2, 2012, threatening to file suit for infringement of the 151 Patent.

14. On or about February 21, 2012, Kishigo filed a declaratory-judgment suit in the U.S. District Court for the Central District of California, which was assigned case number 8:12-cv-277.

15. Kishigo's case was dismissed without prejudice on or about July 26, 2012.

16. Upon information and belief, Kishigo did not pay any monies to Carolina and Kishigo did not receive a license to the 151 Patent.

17. As another example, Carolina sent a cease and desist letter to Fechheimer Brothers Company ("Fechheimer") on or about January 30, 2012, threatening to file suit for infringement of the 151 Patent.

18. On or about June 22, 2012, Carolina filed a suit against Fechheimer claiming patent infringement in the U.S. District Court for the Western District of Tennessee, which was assigned case number 2:12-cv-2489.

19. On or about July 31, 2012, Carolina sought to voluntary dismiss its claim against Fechheimer, and on or about August 3, 2012, the Court dismissed the case without prejudice.

20. Upon information and belief, Fechheimer did not pay any monies to Carolina and Fechheimer did not receive a license to the 151 Patent.

21. As yet another example, Carolina sent a cease and desist letter to W.W. Grainger, Inc. ("Grainger") on or about April 5, 2013, threatening to file suit for infringement of the 151 Patent.

22. On or about April 23, 2013, Carolina filed a suit against Grainger claiming patent infringement in the U.S. District Court for the Western District of Tennessee, which was assigned case number 2:13-cv-2247.

23. On or about August 1, 2013, Carolina sought to voluntarily dismiss its claim against Grainger, and on the same day the Court dismissed the case without prejudice.

24. Upon information and belief, Grainger did not pay any monies to Carolina and Grainger did not receive a license to the 151 Patent.

25. Upon information and belief, Carolina sent one or more of the above cease and desist letters knowing, or it should have known, that the recipient's product(s) did not actually infringe any claim of the 151 Patent.

26. On or about April 25, 2014, Carolina sent a cease and desist letter to RAF.  A true and correct copy of such letter is attached hereto as Exhibit B.

27. In that letter, Carolina claims that at least three of RAF's products are "infringing vests."

28. In that letter, Carolina demands that RAF "cease and desist from selling, distributing or manufacturing these vests …."

29. In that letter, Carolina also threatens to file a suit for patent infringement and alleges that RAF will be liable for various types of damages.

30. Upon information and belief, Carolina sent the letter to RAF knowing, or it should have known, that RAF's products do not actually infringe any claim of the 151 Patent.

### COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE 151 PATENT

31. RAF incorporates by reference as if fully set forth herein Paragraphs 1-30.

32. RAF has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the 151 Patent.

33. The VEA-552, VEA-505, and VEA-504 vests do not infringe any claim of the 151 Patent.

34. To resolve the legal and factual questions Carolina has raised and to afford relief from the uncertainty and controversy that Carolina's allegations have precipitated, RAF is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the 151 Patent.

## **PRAYER FOR RELIEF:**

WHEREFORE, RAF prays for a judgment:

(a)   declaring that RAF has not infringed and is not infringing the 151 Patent;

(b)   declaring this case exceptional within the meaning of 35 U.S.C. §285, thereby entitling RAF to a recovery of its costs including reasonable attorneys' fees; and

(c)   awarding such other and further relief as the Court deems just and proper.

Respectfully submitted, this 7th day of May, 2014.

/s/ Pamela Holland Councill
Pamela Holland Councill
(GA State Bar No. 740490)
pamela.councill@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 253-8698


Of Counsel:

M. Scott Stevens (*pro hac vice pending*)
scott.stevens@alston.com
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1025
Facsimile: (704) 444-1935

*Attorneys for Plaintiff*
*Reflective Apparel Factory, Inc.*